ABRAHAM FISHMAN, PLAINTIFF-RESPONDENT, v. DAVID CANTER, DEFENDANT-APPELLANT.

Argued November term, 1922—Decided February 20, 1923.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff-respondent, *A. Michael Lepore.*

For the defendant-appellant, *Daniel D. Loeb* and *Saul Nemser.*

PER CURIAM.

The state of the case agreed on is that the plaintiff sold a business to one Brodsky for which the purchaser agreed to pay, as part consideration, $200; that Brodsky sent his son to the defendant to borrow the money, promising to repay defendant the next day; that defendant gave his check to the order of Brodsky, who endorsed it to the plaintiff; that thereupon Brodsky was given possession of the business; that defendant stopped payment of the check, after which Brodsky left the business and never returned. The plaintiff brought suit on the check and recovered judgment, from which defendant appeals.

The principal point made by appellant is that plaintiff was not a holder in due course because he knew that the check was obtained on the promise of Brodsky to defendant to pay him the $200 the next day. The state of the case does not show the agreement of Brodsky with defendant; all it shows is that plaintiff knew that Brodsky had sent his son to defendant to get the check. In addition to this plaintiff was a holder in due course, for when he took the check he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. There was no defect in Brodsky's title; it was given to him to be used for the purpose it was passed to plaintiff, viz., to make a payment on account of the purchase. The promise of Brodsky

to repay to defendant the amount of the check the following day did not affect his title to the check, and, even if plaintiff had known that Brodsky obtained the check on his promise to make it good to defendant the next day, he would not be liable to refund the money if Brodsky refused to do so. There was no error in so holding and judgment will be affirmed, with costs.